CHARLES W. HORNER, administrator,

*v.*

SPAFFORD W. DEY et al.

[Filed April 30th, 1901.]

1. Under Chancery act, section 152, authorizing an immediate sale in a foreclosure suit of premises likely to deteriorate in value pending the suit, the depreciation in value of a farm attending the removal of crops therefrom, is not ground for an order for immediate sale.

2. That property mortgaged has decreased in commercial value, incident to a general decrease of farm values, and that the mortgagor did not pay the interest, which was due to failure in the crops, is not ground for the appointment of a receiver in proceedings to foreclose.

---

On bill to foreclose. Petition for receiver and affidavits in response thereto.

*Mr. Charles K. Chambers,* for the complainant and petitioner.

*Mr. Aaron V. Dawes,* for the defendants.

GREY, V. C. (orally).

This is the application of the complainant in a foreclosure suit, by a petition here filed (the suit having been just begun), for the appointment of a receiver to take the rents, issues and profits of the mortgaged premises, or for an order, under section 152 of the Chancery act, for an immediate sale of the mortgaged premises, either public or private, the proceeds to be brought into court, subject to the liens and equities of the parties in interest.

I will consider first the application for an order for immediate sale under the statute. In such an application, the statute itself provides that it must be shown that the mortgaged premises are of such a character or so situate that they are liable to deteriorate in value pending the suit, or that their preservation or care will be difficult or expensive.

The property must be dealt with according to its nature and character. This is a farm property of some two hundred acres, used wholly for purposes of agriculture, except, possibly, a small portion of an acre. Farm property does, it is true, increase somewhat in value as the crops mature and decreases in value as they are removed, but such a liability to deterioration is not of the kind which this statute is intended to forefend. The depreciation in value which attends the removal of crops is a natural incident of the use of the property, and has been happening for the last thirty years. The statute plainly intends by an immediate sale to prevent an impending depreciation of some extraordinary character which is threatened before, by the regular course of procedure, a disposition of the property can be effected, such as a dangerous condition of buildings, an abandonment of the premises, or the like. In such cases an immediate disposition of the property would be made, in the expectation of securing now a price which would be unlikely at the end of the litigation. In this case, if an order were made for the immediate sale of the farm, it would probably be sold

in June, too late for the planting of any spring crops by any purchaser and a most unusual time for selling a farm. All persons who are interested in buying farms are, at that period of the year, already fixed in their location. No tenant who is actually in possession would put in any of the crops plantable in May. The result of such a sale of a farm, instead of a saving of values as intended by the statute, would probably be a great sacrifice of them.

The alternative prayer is for the appointment of a receiver. The only ground advanced for this extraordinary remedy is the claim that the property has deteriorated in commercial value. There is no showing that the property has been permitted to get out of repair or become dilapidated, nor is there any claim of threatened removal of property of the nature of realty, nor of any action, on the part of the party in possession, the effect of which may be to lessen the value of the property. What is alleged is that the commercial value of farm land has depreciated, and that if this farm is sold to-day it will not produce the amount of the mortgage claim. This insistment is, necessarily, a matter of judgment. The petitioner states his opinion. The proof is that within a short time, he has expressed a contrary view. The affidavits all show that the farm has been kept up, as to fertilization and repairs, to the highest standard. Whatever depreciation it has suffered is not peculiar in any way to it, but is incident to the general decrease of farm values.

A decrease in the value of mortgaged premises is not of itself a sufficient cause for the appointment of a receiver, even if it approaches the point of being an inadequate security. In the case of *Cortleyeu* v. *Hathaway, 3 Stock. 39,* this court declared that a receiver would not be appointed simply because the premises were shown to be an inadequate security, even if it appeared that the mortgagor was insolvent. In *Frisbie* v. *Bateman, 9 C. E. Gr. 28,* the court again held that mere inadequacy and insolvency of the mortgagor were not of themselves sufficient. In the present case there is no showing of the mortgagor's insolvency. It is shown that the holder of the equity of redemption is not the mortgagor. The bond was made in

1856, and the obligor may not be responsible. There is no proof on the point.

A depreciation in value by the act of the tenant in possession, or an act which shows fraud, or makes him chargeable with bad faith in misappropriating the rents or profits, will, in some cases, lead the court to appoint a receiver. Neither of these conditions is shown in this case. On the contrary, the proof is the other way. It is shown that the property has been kept by the owner in very good condition, he having, during the past year, expended considerable money in the repair and improvement of the mortgaged premises. He removed manure made on the premises and used it elsewhere. This manure was his personal property; he had a full right to remove it. No fraudulent purpose can be imputed to him because of his exercise of his legal right.

The only element suggested in support of the appointment of a receiver, in addition to the fall in the commercial value of farm property, is that the owner did not pay the interest on the mortgage for the last year. The affidavits explain that by showing that last year the crops failed. Such a happening cannot justify an inference of fraudulent misappropriation of rents and profits. This latter condition may exist where an owner receives income from mortgaged premises and refuses or fails to pay the interest on the mortgage. But no inference of fraudulent purpose can be drawn when it is shown, as in this case, that for more than thirty years the interest has been promptly paid, and that last year it was not paid because of failure of the crops.

No sufficient reason has been shown for the appointment of a receiver. The petition should be dismissed, with costs.